LAW OFFICES OF JOHN C. PHARR, P.C.
1577 C St., Suite 204
Anchorage, Alaska 99501
Phone (907) 272-2525
Fax (907) 531-1824
jpharr@pharr-law.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MELODY L. HOUSER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI, aka THE MISSOURI HIGHER EDUCATION LOAN AUTHORITY (MOHELA), | ) |
| | ) |
| Defendant. | ) |
| | ) Case No. 3:26-cv-00388-HRH |

**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**

COMES NOW plaintiff MELODY L. HOUSER, and for her COMPLAINT against Defendant HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI, aka THE MISSOURI HIGHER EDUCATION LOAN AUTHORITY (MOHELA), hereby complains and alleges as follows:

INTRODUCTION

Defendant Higher Education Loan Authority of the State of Missouri ("MOHELA") refuses to honor a settlement the U.S. Department of Education on behalf of itself and MOHELA entered into with Melody L. Houser on 8/29/18, and approved by a federal court on 10/1/18, in MELODY L. HOUSER v. HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI, aka THE MISSOURI HIGHER EDUCATION LOAN AUTHORITY (MOHELA),

and VINCENTL. CHOWANIEC, Adversary Case No. 17-90078 (United States Bankruptcy Court, D. Alaska).

## JURISDICTION

1. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332.

2. This Court has personal jurisdiction, and venue is proper in the District of Alaska under 28 U.S.C. §1391, because: the conduct at issue occurred in this District; and Defendant conducts substantial business in this District.

## PARTIES

3. Plaintiff MELODY L. HOUSER is a resident of the State of Alaska.

4. Defendant HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI, aka THE MISSOURI HIGHER EDUCATION LOAN AUTHORITY (MOHELA), is a quasi-governmental entity created in 1981 by the State of Missouri with legislation (L. 1981 H.B. 326, A.L. 1994 S.B. 583, A.L. 2007 S.B. 389) that described it as a "public instrumentality and body corporate."

## GENERAL ALLEGATIONS

5. Melody L. Houser and Vincent L. Chowaniec filed a Petition for Dissolution on September 21, 2004. In the Matter of the Dissolution of the Marriage of VINCENT L. CHOWANIEC and MELODY L. HOUSER (f/k/a CHOWANIEC), Case No. 3PA-04-1312 CI (Superior Court for the State of Alaska, Third Judicial District at Palmer).

6. Each party to the dissolution had his and her own student loans, taken out separately and at different times. Ms. Houser took out her loans in 1993 and they were consolidated with Mr. Chowaniec's in 2001. The Petition listed $68,000 in joint Direct Student Loans, to remain joint after the Decree was final.

7. The holder of the student loans is the U.S. Department of Education and MOHELA administers the loans.

8. The U.S. Department of Education began sending MOHELA delinquent loans to collect. The Houser/Chowaniec consolidated loans were among the loans.

9. These loans were listed in the Petition for Dissolution with a combined principal balance of $68,000. After the dissolution, Ms. Houser tried to pay her student loans, but Mr. Chowaniec did not.

10. MOHELA consolidated the loans only in Mr. Chowaniec's name and Ms. Houser was unable to unilaterally access loan information. Mr. Chowaniec's failure to cooperate with Ms. Houser in trying to resolve the problem of the consolidated student loans, and deferral of payment of the combined loans (during which interest at 6.875% continued to accrue) without Ms. Houser's consent or even knowledge, caused the principal and accrued interest of each loan to increase substantially.

11. MOHELA refused to administer the loans separately and apply Ms. Houser's payments only to her loans.

12. Ms. Houser filed a Motion for Relief from Judgment in her dissolution case on February 5, 2015 to try to find a judicial solution. This proved to be impossible because MOHELA, a non-party, refused to provide the original promissory notes, loan documents or any meaningful accounting.

13. According to an income-driven plan with MOHELA, Ms. Houser began making $271 monthly payments in May 2015. This payment did not nearly keep up with accruing interest.

14. In order to pay a principal of $67,203.48 plus $134,128.94 interest for each loan, plaintiff would have had to pay $1479.95 per month for the two consolidated loans for 13 years. for a grand total of $201,332.42.

15. Since this payment was well beyond her means, plaintiff filed a Chapter 13 bankruptcy petition on March 2, 2017. Matter of: Melody L. Houser, Case No. A-17-74-GS (United States Bankruptcy Court, D. Alaska).

16. Ms. Houser filed an adversary action seeking discharge of her student loan obligation. MELODY L. HOUSER v. HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI, aka THE MISSOURI HIGHER EDUCATION LOAN AUTHORITY (MOHELA), and VINCENT L. CHOWANIEC, Adversary Case No. 17-90078 (United States Bankruptcy Court, D. Alaska).

17. On 8/28/18, the plaintiff and DOE, on behalf of itself and MOHELA, entered into a settlement, in its entirety as follows (Exhibit A):

> SETTLEMENT AGREEMENT
>
> 1. **Parties**. The parties to this Settlement Agreement ("Agreement") are the United States Department of Education, represented by United States Attorney's Office, hereinafter collectively referred to as "United States", and Melody L. Houser, represented by John C. Pharr ("Debtor").
>
> 2. **Balance owed on Loans.** The Debtor and her former husband, Vincent Chowaniec, consolidated her loans under the William D. Ford Federal Direct Loan Program on July 9, 2001. The loans were disbursed for $49.029.27 and $19,687.42 at 6.8750% interest per annum. As of June 1, 2018, $108,781.18 was owed in Principal, including capitalized interest of $40,064.55, and $27,938.36 in interest for a total of $136,719.36. Interest accrues at $20.18 per day.
>
> B. TERMS OF THE AGREEMENT
>
> 3. **Intention of the Parties to Effect Settlement**. In order to resolve this dispute and terminate the litigation in Bankruptcy No. 17-00074 (Chapter 13) and Adversary Proceeding No. 17-90078 the parties agree as follows:

4. **Indebtedness**. As of June 1, 2018, the total amount of the debt is $108,781.18 in principal and $27,938.36 in outstanding accrued interest.

5. **Amount**. The Debtor agrees to pay a total of $58,423.20 as follows:

Beginning on September 1, 2018, debtor will pay TWO HUNDRED FORTY THREE AND 43/100 DOLLARS ($243.43) a month for 240 months. Monthly payments will be made on the first of each month. All payments shall be in the form of a personal check, cashier's check, or money order and made payable to Department of Education and mailed to the address listed on the monthly payment statement sent to the Debtor, or to DOE/MOHELA, PO Box 105347, Atlanta, GA 30374-5347.

6. **Failure to Comply with Agreement**. Should the Debtor default on this Agreement, the United States shall notify the Debtor of the occurrence of default in writing using first class mail, postage prepaid and certified mail, return receipt requested, each directed to the Debtor's last known address. A copy of the Notice of Default shall also be sent to the Debtor's attorney of record. If the Debtor moves without notifying the United States or fails to receive the certified mail, the Debtor shall be deemed to have received the Notice of Default on the tenth (10th) day after the date the United States mailed the default notice. Debtor will have 90 days to cure the default. If the Debtor fails to cure within that time period, then 6.8750% interest per annum will begin to accrue from the date of default.

Should the Debtor fail to comply with the terms of this Agreement, this Agreement becomes null and void and the compromised amount owed on the debt described in Paragraph 5 above, less any payments made pursuant to this Agreement, will be due and owing immediately and the parties agree that an enforceable judgment will be entered by the Court in this amount.

7. **Costs**. Each party to this Agreement shall bear its own costs and this Agreement shall be binding on the successors and transferees of the parties.

8. **Severability Clause**. In the event any parts of this Agreement are found to be void, the remaining provisions of this Agreement shall nevertheless be binding with the same effect as though the void parts were deleted.

9. **Effect of the Agreement**. This Agreement contains a complete description of the bargain between the parties. All material representations, understandings and promises of the parties concerning the repayment are contained in this Agreement. Any modifications must be set forth in writing by all parties. The Debtor represents that this Agreement is entered into with knowledge of the events described herein. The Debtor further represents that this Agreement is voluntarily entered into to resolve Bankruptcy Adversary Proceeding No. 17-90078.

10. **Stipulation to Dismiss**. Upon execution of this Agreement, the parties agree that they will submit a Stipulation of Dismissal on this matter to the Court for approval.

11. **Execution of the Agreement**. The United States Attorney represents that he has received the concurrence of the United States Department of Education to the monetary terms of this Agreement, and will promptly forward an executed copy of this Agreement to them. This Agreement shall become final and binding only upon signing by the Debtor, and representatives of the DOJ for the United States. The effective date of this Settlement Agreement shall occur upon execution of signatures by the Debtor and Representative of the DOJ for the United States.

Dated: 8-29-18

/s/ Melody L. Houser
MELODY L. HOUSER
Plaintiff

Dated: 8-29-18

/s/ Bryan Schroeder
BRYAN SCHRODER
United States Attorney

/s/ Richard L. Pomeroy
RICHARD L. POMEROY
Assistant U.S. Attorney
Attorney for Defendant

Dated: 8-29-18

/s/ John C. Pharr
JOHN C. PHARR
Attorney for Melody L. Houser

18. This settlement was binding on MOHELA.

19. The Court approved this settlement on 10/1/18 (Exhibit B), and plaintiff's adversary case and Chapter 13 were both dismissed.

20. Plaintiff Melody Houser made her monthly payments under this plan faithfully. She had access to her online account.

21. In August, 2024, MOHELA abruptly cancelled plaintiff's access and reinstated the joint nature of the loans. Despite great effort, many calls and letters (Exhibit C), MOHELA refused to give her access to the account because her ex-husband was "primary" and did not give

permission for her to have access. This was a return to the circumstances in place before her 8/29/18 settlement with DOE.

22. On 2/9/26, MOHELA responded to plaintiff with a letter informing her how to access her account, and announced, **"MOHELA does not honor decrees issued by the courts in regard to Federal Student Loans."** Exhibit D. When following MOHELA's steps on how to access her account, she was told that her account information is not associated with any student loans.

23. MOHELA'S letter on 2/9/26 also informed plaintiff that she could again separate the loans under the 10/11/22 Joint Consolidated Loan Separation Act (JCLSA), as well as appeal. The Separation Process Instructions showed that Loan Consolidation Separation would place plaintiff right back with the same interest rate at the time of consolidation.

24. MOHELA failed to respond to plaintiff's numerous letters trying to employ the JCLSA as well as appeal. Plaintiff is still unable to access her account. A complaint to the Department of Education ombudsman likewise went nowhere (Exhibit E).

COUNT I

(Declaratory Judgment, FRCP 57 and 28 U.S.C. §§ 2201–2202)

25. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 – 23 of her Complaint.

26. The dispute between the parties is substantial and immediate.

27. The plaintiff has a concrete stake in the outcome.

28. Defendant is in contempt of a federal court order.

29. Plaintiff requests that the Court find the Defendant MOHELA in contempt of court and compel compliance with the 10/1/18 order through appropriate sanctions, including fines, attorney's fees, and any other relief deemed just and proper.

COUNT II
(Breach of Contract)

30. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 – 23 of her Complaint.

31. Defendant MOHELA is in breach of the 8/29/18 Settlement Agreement.

32. Plaintiff has suffered damages in an amount to be proved at trial.

WHEREFORE, plaintiff prays that this court grant the following relief:

1. On Count I, that the court adjudge that defendant is in contempt of the 10/1/18 order separating the consolidated loans and providing for plaintiff to pay only her loans, and grant appropriate relief to compel compliance;

2. On Count II, that the court enter a judgment against defendant in an amount to be proved at trial;

3. For attorney's fees and costs; and

4. For such other and further relief as the court deems just and equitable.

DATED this 30th day of October 2026.

LAW OFFICES OF JOHN C. PHARR, P.C.
Attorneys for Melody L. Houser

By: /s/ John C. Pharr
John C. Pharr
ABA #8211140